■ Lawrence Koenig, Individually and as Parent and Natural Guardian of Kerry Koenig and Another, Infants, et al., Respondents, v Philip Price, Also Known as Philmon Price, et al., Defendants, and Emmanuel Pacheco, Appellant. (Action No. 1.) Joan Tobia, Respondent, v Philip Price et al., Defendants, and Emmanuel Pacheco et al., Appellants. (Action No. 2.) Margaret Koenig, as Parent and Natural Guardian of Kerry Koenig and Another, Infants, Respondent, v Lawrence Koenig, Appellant. (Action No. 3.) [606 NYS2d 310] — In related actions to recover damages for personal injuries, etc., Emmanuel Pacheco appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered August 26, 1991, as denied his motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against him, and Lawrence Koenig separately ap-

peals from so much of the order as denied his motion for summary judgment dismissing the complaints in Action Nos. 2 and 3 and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions for summary judgment are granted, the complaints are dismissed insofar as they are asserted against the appellants, all cross claims against them are dismissed, and the actions against the remaining defendants are severed.

This appeal arises out of an automobile accident which occurred on November 11, 1987, in Nassau County. The vehicle driven by Lawrence Koenig was stopped at a red light when it was struck in the rear by a vehicle owned by the defendant Emmanuel Pacheco and driven by the defendant Philip Price. The impact caused Koenig to lose consciousness, and his vehicle to be propelled into another vehicle. The Koenig vehicle then careened off the third car and hit yet another vehicle. Shortly before the happening of the accident, the Pacheco vehicle had been stolen from a private driveway located at the house of Pacheco's friend. Pacheco had left the car in this driveway, with the keys in the ignition, and the engine running, while he went into the house to pick up his friend.

Pacheco moved for summary judgment, arguing that he was not responsible for the accident because his car was stolen. Koenig cross-moved for summary judgment arguing that, given the circumstances of the accident, he could not be found negligent as a matter of law. We find no merit to the various plaintiffs' theories of liability against these defendants, and thus reverse the order denying their respective motions for summary judgment.

Although Vehicle and Traffic Law § 388 gives rise to a presumption that a vehicle is being operated with the owner's consent, in the case at bar we find that the movant has sufficiently rebutted this presumption, and further that the parties opposing the motion have not come forward with evidence to demonstrate the existence of a question of fact in this regard *(see, Zuckerman v City of New York,* 49 NY2d 557; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583; *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681). "[T]he mere hope by [a] plaintiff that he might be able to uncover some evidence during [further] discovery [is] insufficient to deny summary judgment to [a] defendant" *(Jones v Gameray,* 153 AD2d 550, 551).

Nor do we find that Pacheco may be liable based upon his alleged violation of Vehicle and Traffic Law § 1210 (a) which provides, *inter alia,* that "No person * * * in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition [and] removing the key from the vehicle". Vehicle and Traffic Law § 1210 is part of title VII. Vehicle and Traffic Law § 1100 (a) provides: "[t]he provisions of [tit VII] apply *upon public highways [and upon] private roads open to public motor vehicle traffic and any other parking lot"* (emphasis supplied).

Since Pacheco's vehicle stood in a private driveway at the time it was stolen, and not in a "parking lot" as that term is defined in Vehicle and Traffic Law § 129-b, the provisions of Vehicle and Traffic Law § 1210 (a) are not applicable herein, and no liability can attach based upon this statute *(see, Epstein v Mediterranean Motors,* 109 AD2d 340; *Albouyeh v County of Suffolk, supra; Podstupka v Brannon,* 54 AD2d 692, *affg* 81 Misc 2d 338, *on opn of Niehoff, J., at Trial Term).*

With respect to the motion brought by Koenig, we find that there is no genuine issue to be resolved at trial regarding his fault, and thus he is also entitled to summary judgment *(see, Andre v Pomeroy,* 35 NY2d 361). It is essentially undisputed that the Koenig vehicle was stopped at a red light when it was hit in the rear by the fast moving Pacheco vehicle, and that the impact caused Koenig to lose consciousness and his car to go out of control and strike the other vehicles involved. Under these circumstances, Koenig could not have been negligent, as a matter of law, in the operation of his vehicle after it was struck. Accordingly, the plaintiffs have failed "[t]o establish a prima facie case with respect to the issue of causation [in that they cannot] demonstrate that the acts of [that] defendant were a 'substantial cause of the event which produced the injury' " *(Maida v Velella,* 124 AD2d 561, 563, quoting from *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.