■ MICHAEL HEADLEY, Appellant, v MENDEL TESSLER et al., Respondents. [700 NYS2d 849] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Leone, J.), dated February 25, 1999, which, upon the granting of the defendants' motion for judgment as a matter of law, made at the close of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary (*see, Leotta v Plessinger*, 8 NY2d 449; *State Farm Mut. Auto. Ins. v White*, 175 AD2d 122; *Guerra v Kings Plaza Leasing Corp.*, 172 AD2d 583). Upon this record we conclude that the presumption of consent was rebutted as a matter of law inasmuch as "[t]here was uncontradicted evidence that the * * * driver did not have express permission to

operate the motor vehicle involved in the accident, and there was no competent evidence from which permission or authority could be inferred" (*Barrett v McNulty,* 27 NY2d 928, 929). S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.