■ JOSEPH MINAYA et al., Respondents, v JAY HORNER, Appellant, et al., Defendant. [718 NYS2d 839] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 21, 2000, which denied defendant-appellant's motion for summary judgment dismissing the complaint and any cross-claims as against him, unanimously affirmed, without costs.

Supreme Court correctly denied defendant Horner's motion for summary judgment. Defendant's vehicle was allegedly involved in an accident with plaintiffs' vehicle. Defendant contended that this vehicle had been stolen prior to the time of the accident. In our view, the affidavits of Horner and his daughter, to whom the vehicle was allegedly on loan at the time of its purported theft, do not sufficiently establish the vehicle's theft to overcome, as a matter of law, the presumption under Vehicle and Traffic Law § 388 that the vehicle was being operated with the consent of the owner (see, Leotta v Plessinger, 8 NY2d 449, 461; MVAIC v Levinson, 218 AD2d 606, 607). Neither Horner nor his daughter alleges that the purported theft was reported to the police promptly after discovery, and no documentation of any report of a theft to the police has been produced (see, id.; cf., Guerrieri v Gray, 203 AD2d 324, 325). We also note that Horner has not disclosed his whereabouts during the days in question, and has not addressed whether he fits plaintiffs' description of the other driver involved in the accident. Under these circumstances, the credibility of the contentions of Horner and his daughter rebutting the presumption of consent must be assessed by the trier of

fact. Concur—Nardelli, J. P., Williams, Tom, Wallach and Friedman, JJ.