(May 21, 2001)

■ ITZEL ADAMSON, Respondent, v RONNIE EVANS et al., Defendants, and MICHAEL HARVEY, Appellant. [724 NYS2d 760] —In an action to recover damages for personal injuries, the defendant Michael Harvey appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 17, 2000, as denied his motion for summary judgment dismissing the first cause of action insofar as asserted against him, and granted, without opposition, that branch of the plaintiff's cross motion which was for leave to amend the complaint to name him as a defendant in lieu of John Doe in the second cause of action.

Ordered that the appeal from so much of the order as granted that branch of the plaintiff's cross motion which was for leave to amend the complaint is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the default of the appealing party (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and the facts, without costs or disbursements, the motion is granted, and the first cause of action is dismissed insofar as it is asserted against the appellant.

The appellant did not oppose the plaintiff's cross motion, inter alia, for leave to amend the complaint. No appeal lies from an order entered upon the default of the appealing party (see, Anil v Fernandez, 267 AD2d 187; Ciaccio v Germin, 138 AD2d 664, 665).

The Supreme Court erred in denying the appellant's motion for summary judgment on the issue of whether he was vicari-

ousiy liable for the negligence of the driver who was operating his motor vehicle without his permission. The appellant, as the owner of the motor vehicle involved in the subject accident, established through an affidavit and documentary evidence that the motor vehicle in question was stolen at the time of the accident. Thus, the appellant rebutted by substantial evidence the presumption that the motor vehicle was being operated with his consent (*see,* Vehicle and Traffic Law § 388 [1]; *Leotta v Plessinger,* 8 NY2d 449; *Naidu v Harwin,* 281 AD2d 525; *Headley v Tessler,* 267 AD2d 428; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583).

The defendants City of New York and New York City Police Department (hereinafter the defendants), as the parties opposing the motion, then had to come forward with proof, in admissible form, sufficient to demonstrate the existence of a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557; *Molina v NYRAC, Inc.,* 228 AD2d 655, 656; *Guerra v Kings Plaza Leasing Corp., supra*). The defendants failed to show the existence of evidence to support their claim that the appellant had violated Vehicle and Traffic Law § 1210 (a). The affirmation of the defendants' attorney was insufficient to defeat the appellant's motion for summary judgment (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Molina v NYRAC, Inc., supra; Guerra v Kings Plaza Leasing Corp., supra*). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.