■ In the Matter of ALLSTATE INDEMNITY COMPANY, Respondent, v ROBERT NELSON, Respondent, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants, and ARMANDO CONFORTI, Respondent. [728 NYS2d 82] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, State Farm Mutual Automobile Insurance Company appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered December 14, 1999, which, *inter alia*, granted the petition and permanently stayed arbitration, and Raffaele Naso separately appeals, as limited by his brief, from stated portions of the same order.

Ordered that the order is reversed, on the law, with one bill of costs, and the petition is denied.

"Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary" (*Headley v Tessler,* 267 AD2d 428; *see, Leotta v Plessinger,* 8 NY2d 449, 461; *State Farm Mut. Auto. Ins. v White,* 175 AD2d 122; *Guerra v Kings Plaza Leasing Corp.,* 172 AD2d 583; *Bruno v Privilegi,* 148 AD2d 652; *Jimenez v Regan,* 248 AD2d 510). As the record contains "uncontradicted evidence that the * * * driver did not have express permission to operate the motor vehicle involved in the accident; and there was no competent evidence from which permission or authority could be inferred," the presumption of consent was rebutted as a matter of law (*Barrett v McNulty,* 27 NY2d 928, 929; *see, Headley v Tessler, supra*).

Since the owner's insurance policy did not provide coverage because the vehicle was operated without the owner's consent, "a prompt notice of disclaimer was not required" (*Government*

*Empls. Ins. Co. v Pagano,* 251 AD2d 452, 454; *see, Zappone v Home Ins. Co.* 55 NY2d 131; *Metropolitan Prop. & Cas. Ins. Co. v Pulido,* 271 AD2d 57, 60; *Empire Group Allcity Ins. Co. v Cicciaro,* 240 AD2d 362; *Jasper Corp. / Celotex Corp. v Dunikowski,* 229 AD2d 424; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364; *Schmidt v Prudential Ins. Co.,* 143 AD2d 997; *Katz v Allstate Ins. Co.,* 96 AD2d 930). Friedmann, J. P., Florio and Luciano, JJ., concur.

McGinity, J., dissents and votes to affirm the order with the following memorandum: The issue here is whether the Supreme Court properly determined that the insured owner of the subject vehicle failed to overcome the presumption of permissive use of the vehicle with substantial evidence. Since, in my view, the determination was proper, the order appealed from permanently staying arbitration should be affirmed.

The relevant facts are as follows: On January 9, 1997, Armando Conforti and Robert Nelson were injured when their respective vehicles collided. The vehicle driven by Conforti was registered to his uncle, the appellant Raffaele Naso, and insured by the appellant State Farm Mutual Automobile Insurance Company (hereinafter State Farm). The petitioner, Allstate Indemnity Company, insured the Nelson vehicle.

The State Farm policy issued to Naso provided, *inter alia*, that "insured" meant "any * * * person while occupying * * * an automobile owned by the named insured or, if the named insured is an individual, such spouse and used by *or with the permission of either*."

Allstate commenced this proceeding to stay the arbitration sought by Nelson, its insured. At the hearing, Conforti, who did not have a valid driver's license, testified that on the date of the accident, he was operating a vehicle owned by Naso. He further stated that the vehicle, parked at Naso's residence, was locked when he entered it and that he had never driven it before. Conforti also acknowledged placing the keys in the vehicle.

Naso testified that Conforti was welcome in his home and that he would see Conforti on a daily basis in his home. When Conforti asked him to do so, Naso drove him from place to place. Naso stated that on those occasions, he would get the keys to the vehicle from a drawer or he would tell Conforti to get the keys from the vehicle. On the date of the accident, Naso testified that he knew that Conforti's license had been revoked multiple times and that Conforti did not have a valid driver's license. Naso stated that he did not give Conforti permission to drive the vehicle and, indeed, had denied Confor-

ti's previous requests to do so. Naso further testified that he could not remember whether he ever reported his vehicle stolen. However, he never testified against Conforti for having taken the car. Although the police responded to the scene of the accident, Conforti was neither charged nor convicted of either operating the vehicle without permission of the owner or operating a stolen vehicle. The Supreme Court determined that Conforti's use of the vehicle was permissive. I would affirm.

It is well established that the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent (*see,* Vehicle and Traffic Law § 388 [1]; *Leotta v Plessinger,* 8 NY2d 449, 461). There is a presumption that the vehicle is operated with the owner's permission and this presumption continues unless and until there is "substantial evidence" to the contrary (*Headley v Tessler,* 267 AD2d 428; *Tabares v Colin Serv. Sys.,* 197 AD2d 571). The issue of whether someone had permission to use a motor vehicle is generally an issue of fact (*see, Lipetz v Palmer,* 216 AD2d 367, 368) and rebutting the presumption of permissive use with "substantial evidence" is not easy. As noted by the Second Circuit Court of Appeals, "even where the owner and driver testify without contradiction as part of the defendant's case that the driver has no permission or was out of the scope of [authority], the case should still go to the trier of fact and if that evidence of interested witnesses is disbelieved the presumption has not been overcome" (*Mandelbaum v United States,* 251 F2d 748, 751 [2d Cir]; *see also, Horvath v Lindenhurst Auto Salvage,* 104 F3d 540 [2d Cir]).

The Supreme Court weighed the testimony of the interested witnesses in light of all the circumstances and came to the conclusion that the statutory presumption of implied permission was not overcome. In my view, in so doing, the Supreme Court providently exercised its discretion and its finding should not be disturbed (*cf., Winnowski v Polito,* 294 NY 159, 161).

Accordingly, the order appealed from should be affirmed.