◼ TREVOR SARGEANT, Respondent, v VILLAGE BINDERY, INC., Appellant, et al., Defendant. [744 NYS2d 508] —In an action to recover damages for personal injuries, the defendant Village Bindery, Inc., appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated December 11, 2001, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

On August 17, 1998, at about 5:15 P.M., the plaintiff's vehicle was struck by a vehicle owned by the appellant. The driver of the appellant's vehicle fled the scene of the accident and was never identified. After the plaintiff commenced the present action to recover damages for the personal injuries he sustained as a result of this accident, the appellant moved for summary judgment, claiming that its car was stolen at the time of the accident.

Vehicle and Traffic Law § 388 imputes to the owner of a car the negligence of any person who uses or operates it with the owner's permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent (*see Guerrieri v Gray,* 203 AD2d 324; *Bruno v Privilegi,* 148 AD2d 652, 653). However, this presumption may be rebutted by substantial evidence to the contrary (*see Leotta v Plessinger,* 8 NY2d 449, 461; *Headley v Tessler,* 267 AD2d 428; *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681). In support of its motion for summary judgment, the appellant submitted the affidavit of Michael Hort, an employee of another corporation, who operated the car during the day and kept it in his custody in the evenings. While Hort offered an explanation for not promptly reporting the purported theft to the police after discovering that the car was missing, the discrepancies between Hort's affidavit and the police incident information slip, inter alia, present issues of credibility which must be assessed by the trier of fact (*see Minaya v Horner,* 279 AD2d 333). Florio, J.P., Goldstein, Luciano and Cozier, JJ., concur.