In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ALFRED L. DUKES, Respondent. [789 NYS2d 267]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated May 8, 2003, as, after a hearing, determined that the vehicle owned by its insured was not stolen or being operated without permission at the time of the subject

accident, and that it was obligated to defend and indemnify its insured in connection therewith.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, the determination of the Judicial Hearing Officer (hereinafter the JHO) that it failed to prove the vehicle owned by its insured was stolen or being used without permission at the time of the accident, and thus was obligated to defend and indemnify its insured was within the scope of the order of reference which authorized the JHO to hear and determine the issue of "insurance coverage" (*see Steele v Rose*, 309 AD2d 1242 [2003]; *Marshall v Pappas*, 143 AD2d 979 [1988]). The petitioner charted its own procedural course, as parties are free to do, as long as it does not conflict with public policy (*see J & A Vending v J.A.M. Vending*, 303 AD2d 370 [2003]; *Braithwaite v Braithwaite*, 299 AD2d 383 [2002]) by affirmatively alleging in its petition that the vehicle owned by its insured was stolen at the time of the accident, and by submitting an affidavit from its insured as proof of this claim. Moreover, the petitioner raised no objection to the admission of evidence at the hearing on the issue of permissive use.

Vehicle and Traffic Law § 388 (1) provides that the owner of a motor vehicle shall be liable for the negligence of one who operates the vehicle with the owner's express or implied consent (*see Sargeant v Village Bindery*, 296 AD2d 395 [2002]; *Matter of Allstate Indem. Co. v Nelson*, 285 AD2d 545 [2001]; *Headley v Tessler*, 267 AD2d 428 [1999]). This statute creates a presumption that the driver was using the vehicle with the owner's express or implied permission (*see Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Forte v New York City Tr. Auth.*, 2 AD3d 489 [2003]), which only may be rebutted by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (*see Murdza v Zimmerman, supra; Sargeant v Village Bindery, supra; Matter of Allstate Indem. Co. v Nelson, supra; Headley v Tessler, supra*). Although evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (*see Adamson v Evans*, 283 AD2d 527 [2001]), the affidavit of the petitioner's insured was insufficient to establish that the vehicle was stolen (*see Minaya v Horner*, 279 AD2d 333 [2001]). Moreover, although the affidavit indicated that the petitioner's insured did not give anyone permission to operate his vehicle at the time of the accident, it failed to address whether any person had implied consent to do so. Thus, the JHO correctly determined that the vehicle was not stolen or being used without permission at the time of the accident. Prudenti, P.J., Cozier, Ritter and Skelos, JJ., concur.