■ BRIAN BURKE et al., Appellants, v LORI F. ELMENDORF et al., Respondents. [817 NYS2d 149]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated January 20, 2005, as granted the motion of the defendants Red Oaks Mills Carpet, Inc., and Mid-Hudson Floor and Wall Co., Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendants Red Oaks Mills Carpet, Inc., and Mid-Hudson Floor and Wall Co., Inc.

The plaintiff Brian Burke alleged that he was injured as the

result of an accident with a motor vehicle owned by the defendants Red Oaks Mills Carpet, Inc., and Mid-Hudson Floor and Wall Co., Inc. (hereinafter the defendants), and operated by the defendant Lori F. Elmendorf.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his or her permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary (*see Murdza v Zimmerman,* 99 NY2d 375, 380 [2003]; *Naidu v Harwin,* 281 AD2d 525 [2001]; *Headley v Tessler,* 267 AD2d 428 [1999]). In this case, the defendants established their entitlement to judgment as a matter of law by submitting substantial evidence that Elmendorf, the offending driver, did not have express permission to operate the motor vehicle involved in the accident, and that there was no evidence from which permission or authority could be inferred (*see Barrett v McNulty,* 27 NY2d 928, 929 [1970]; *Adamson v Evans,* 283 AD2d 527 [2001]; *Bruno v Privilegi,* 148 AD2d 652 [1989]). However, where, as here, competent evidence is introduced "suggesting implausibility, collusion or implied permission, the issue of consent should go to a jury" (*Country-Wide Ins. Co. v National R.R. Passenger Corp.,* 6 NY3d 172, 178 [2006]; *see St. Andrassy v Mooney,* 262 NY 368, 372 [1933]). In opposition to the showing made by the defendants, the plaintiff raised a triable issue of fact as to whether the defendants gave constructive permission to Elmendorf to operate the vehicle, and whether the disavowals were indeed suspect, by demonstrating that the defendants knew that Elmendorf had taken the vehicle, but delayed in reporting the vehicle as stolen (*see Sargeant v Village Bindery,* 296 AD2d 395, 396 [2002]; *Guerrieri v Gray,* 203 AD2d 324 [1994]; *cf. Bernard v Mumuni,* 22 AD3d 186 [2005], *affd* 6 NY3d 881 [2006]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.