■ ANDREW McDONALD et al., Respondents, v FORD ROSE, Appellant, et al., Defendant. [830 NYS2d 765]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant Ford Rose appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated November 23, 2005, which granted the plaintiffs' motion for summary judgment dismissing the affirmative defense of nonpermissive use and, in effect, for summary judgment on the issue of liability and, in effect, denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and the cross motion of the defendant Ford Rose for summary judgment dismissing the complaint insofar as asserted against her is granted.

On December 5, 2001 the vehicle owned by the defendant Ford Rose (hereinafter the defendant) had been reported stolen. Eleven days later, on December 16, 2001, an automobile owned and operated by the plaintiff Andrew McDonald was involved in an accident with the defendant's vehicle. The defendant's vehicle was insured by nonparty New York Central Mutual Fire Insurance Company (hereinafter New York Central). The unidentified driver of the defendant's vehicle fled the accident scene. By letter dated June 19, 2002, New York Central disclaimed coverage on the ground of nonpermissive use (hereinafter the disclaimer).

In a separate proceeding commenced by the plaintiffs' insurer, Liberty Mutual Insurance Company (hereinafter Liberty Mutual), Liberty Mutual sought to permanently stay arbitration of the plaintiffs' claim for uninsured motorist benefits (hereinafter the proceeding). The Supreme Court, Kings County, upon remittitur from this Court (*see Matter of Liberty Mut. Ins. Co. v McDonald*, 6 AD3d 614 [2004]), granted the petition in an order dated September 9, 2004 on the ground that New York Central's disclaimer was untimely.

The plaintiffs commenced this tort action against the defendant. The defendant interposed an answer in which she raised, inter alia, the affirmative defense of nonpermissive use. The plaintiffs moved for summary judgment dismissing the affirmative defense of nonpermissive use and, in effect, for summary judgment on the issue of liability. The plaintiffs argued that the issue of nonpermissive use was already determined in the proceeding to permanently stay arbitration. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the basis of nonpermissive use. The Supreme Court granted the plaintiffs' motion and, in effect, denied the defendant's cross motion upon determining that the defendant was collaterally estopped from relitigating the issue of nonpermissive use. We reverse.

Contrary to the plaintiffs' contention, the doctrine of collateral estoppel does not bar the defendant from raising the affirmative defense of nonpermissive use (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65 [1969]). At bar, there is no identity of issue which was necessarily decided in the prior proceeding (*see Schwartz v Public Adm'r of County of Bronx, supra*). The Supreme Court granted Liberty Mutual's petition to permanently stay arbitration based upon the untimeliness of New York Central's disclaimer, not the merits of that defense. Therefore, the defendant was not precluded from raising the issue of nonpermissive use in this action and she can defend on

that basis (cf. *First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046 [1986]).

In opposition to the plaintiffs' motion and in support of the defendant's cross motion, the defendant needed to proffer substantial evidence to rebut the presumption of permissive use under Vehicle and Traffic Law § 388 (1) and to establish, as a matter of law, that the driver of her vehicle at the time of the accident did not have her permission, express or implied, to use the vehicle. The defendant established her entitlement to summary judgment through the documentary evidence she proffered which consisted of the report of theft to the police on December 5, 2001, her affidavit of theft to New York Central, the accident report indicating that the accident occurred on December 16, 2001 and that the driver of her vehicle fled the scene, and the sworn affidavit of her husband, who had borrowed the vehicle on the day it was stolen and asserted facts relating to the theft (*see Matter of New York Cent. Mut. Fire Ins. Co. v Dukes*, 14 AD3d 704 [2005]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). This evidence clearly established, prima facie, that the defendant's vehicle had been stolen and that its theft had been reported to the police 11 days before the accident occurred.

The plaintiffs, in opposition, failed to raise a triable issue of fact.

Accordingly, the Supreme Court should not have granted the plaintiffs' motion and should have granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.