■ ANGELETTE M. HOWARD, Appellant, v JOHN CODICK, Defendant, and GIANNA'S GOURMET FOODS, LLC, Respondent. [864 NYS2d 639]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered August 15, 2007 in a personal injury action. The order granted the motion of defendant Gianna's Gourmet Foods, LLC for summary judgment and dismissed the complaint against it.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Gianna's Gourmet Foods, LLC is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was operating was struck by a vehicle operated by defendant John Codick and owned by Gianna's Gourmet Foods, LLC (defendant). According to plaintiff, defendant is vicariously liable for Codick's negligence because Codick was operating the vehicle with defendant's permission (*see* Vehicle and Traffic Law § 388 [1]). Plaintiff has been unable to locate Codick since the accident, and thus he has not been served with process. We conclude that

Supreme Court erred in granting the motion of defendant seeking summary judgment dismissing the complaint against it.

Even assuming, arguendo, that defendant met its initial burden of establishing that Codick was operating the truck without defendant's permission by submitting the deposition testimony of defendant's owners indicating that Codick was operating the truck after he had been denied permission to do so, we conclude that plaintiff raised a triable issue of fact whether the disavowals of permission made by defendant's owners and their business associate were "arguably suspect" (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 178 [2006]; *see Burke v Elmendorf,* 30 AD3d 553, 554 [2006]). In opposition to the motion, plaintiff submitted her deposition testimony in which she testified that, after the accident, she overheard a cellular telephone conversation between Codick and his "boss." Plaintiff testified that, when Codick informed his boss that he had been in an accident, his "boss" stated, "you just left." We conclude that such testimony is sufficient to raise an issue of fact whether his boss was aware that Codick was operating the truck. Contrary to defendant's contention, plaintiff's deposition testimony concerning that conversation does not constitute inadmissible hearsay. Hearsay statements are out-of-court statements offered for the truth of the matter asserted (*see Nucci v Proper,* 95 NY2d 597, 602 [2001]) and, here, the out of court statements were offered solely to establish that they were made, rather than for their truth (*see Holyoke Mut. Ins. Co. v B. T. B. Realty Corp.,* 83 AD2d 603, 605 [1981]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.