■ State Farm Mutual Automobile Insurance Company, Respondent, v Alison Taveras, Respondent, and Richard A. Cruz et al., Appellants. [898 NYS2d 119]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about November 9, 2009, which granted petitioner insurer's application to permanently stay an uninsured motorist arbitration, unanimously affirmed, without costs. Appeal from short-form order, entered on or about September 14, 2009, unanimously dismissed, without costs, as subsumed in the appeal from the above order.

Additional respondents, the owner and insurer of the offending vehicle, assert that the vehicle was uninsured at the time of the accident because it was being driven by an unknown thief. No basis exists to disturb the court's finding, after a framed-issue hearing, that the evidence of such theft and nonpermissive use was insufficient to overcome the presumption of permissive use (*see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003] ["substantial" evidence needed to overcome presumption of permissive use]; *Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992] [fact-finding court's decision should not be disturbed on appeal unless it is "obvious" that its conclusions could not be reached under any fair interpretation of the evidence, especially where findings of fact largely rest on witness credibility]). In so finding, the hearing court properly took into account the owner's failure to adequately explain his substantial delay in calling the police to report the alleged theft, which call immediately followed an alleged assault on the owner and his friends by a mob of angry people (*see Minaya v Horner*, 279

AD2d 333 [2001]). There being no dispute that the burden of proof was initially on additional respondents to prove nonpermissive use, it does not avail them that the hearing court also rejected as incredible the testimony of one of the victims, called by petitioner, that he had seen the owner sitting in the passenger side of the car in the seconds before the car jumped the curb and knocked him down. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ.