■ In the Matter of OTTO HARNISCHFEGER et al., Appellants, v DAVID MOORE, Chief of Police of Rochester Police Department, et al., Respondents. [914 NYS2d 482]—

Appeal from a judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered September 11, 2009 in

a proceeding pursuant to CPLR article 78. The judgment declared that petitioners are not entitled to permanent appointments to the position of investigator pursuant to Civil Service Law § 58 (4) (c) (ii).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioners commenced this CPLR article 78 proceeding seeking designation as police investigators pursuant to Civil Service Law § 58 (4) (c) (ii). Petitioners are 33 members of the Special Investigation Section (SIS) of respondent Rochester Police Department (hereafter, RPD). In a prior appeal, we concluded that the "merit and fitness test" used by respondents to determine civil service promotions "is not the equivalent of the 'examinations for designation to detective or investigator' required in order to be exempt from the requirements set forth in Civil Service Law § 58 (4) (c) (ii)" (*Matter of Harnischfeger v Moore*, 56 AD3d 1131, 1132 [2008]). We further concluded that Supreme Court "should have conducted a hearing to determine whether petitioners were 'temporarily assigned to perform the duties of detective or investigator' for a period exceeding 18 months" (*id.*, quoting § 58 [4] [c] [ii]). We therefore reversed the judgment, reinstated the petition and remitted the matter for such a hearing (*see id.*).

Upon remittal, the court conducted the hearing and concluded that, inter alia, petitioners were not temporarily assigned to the same duties as investigators in the RPD (*see* Civil Service Law § 58 [4] [c] [ii]), and that, because of differences in the work responsibilities of petitioners and investigators, petitioners failed to establish that their assignment to the SIS constituted their assignment to the duties of an investigator. We reverse.

We conclude that the court erred in determining that petitioners are not entitled to relief pursuant to Civil Service Law § 58 (4) (c) (ii) on the ground that their assignments to SIS were longstanding rather than temporary. The legislative findings embodied in Civil Service Law § 58 (4) (c) (i) evince an intent to protect those called upon to serve in a detective or investigative capacity for a period exceeding 18 months. Thus, an officer asked to serve in such a capacity for either a term beyond the 18-month period set forth in section 58 (4) (c) (ii) or on a permanent basis is entitled to the protections of that section (*cf. Matter of Calabrese v Commissioner of Police of City of Yonkers*, 282 AD2d 457 [2001], *lv denied* 96 NY2d 717 [2001]).

With respect to the issue whether petitioners performed the

work of investigators, we note at the outset that petitioners' union refused to grieve that issue and that petitioners therefore had no administrative remedy (see generally Harnischfeger, 56 AD3d 1131 [2008]). Thus, in the prior appeal, we remitted the matter for a framed-issue hearing with respect to whether petitioners were temporarily assigned to perform the duties of detective or investigator for the relevant time period. Consequently, this is not a case in which we consider whether the respondents' determination was arbitrary and capricious (cf. Matter of Finelli v Bratton, 298 AD2d 197, 198 [2002], lv denied 100 NY2d 505 [2003]). Rather, it is our task to "evaluate 'the weight of the evidence presented [at the framed-issue hearing] and grant judgment warranted by the record, giving due deference to the . . . court's determinations regarding witness credibility, so long as those findings could have been reached upon a fair interpretation of the evidence' " (Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 170 [2005]; see State Farm Mut. Auto. Ins. Co. v Taveras, 71 AD3d 606 [2010]).

Viewing the evidence in the light most favorable to respondents, the prevailing parties (see Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d at 170), we conclude that the court's decision could not have been reached under any fair interpretation of the evidence. In determining that petitioners were not temporarily assigned to the same duties as investigators, the court mistakenly relies on the artificial distinction between the types of crimes investigated by petitioners and investigators. Petitioners, as SIS officers, investigate crimes such as narcotic sales, gambling, prostitution and related crimes. Investigators attempt to solve crimes such as murder, arson, robbery and assault. We conclude, however, that the record establishes that the work performed by petitioners and investigators is substantively identical.

Inasmuch as there is no explicit definition of "investigator" contained in the record, respondents presented the testimony of the RPD Deputy Chief to distinguish the work of petitioners from that of investigators. To the extent that the testimony of the RPD Deputy Chief was the functional equivalent of expert testimony, we conclude that it was bereft of probative value (see generally Romano v Stanley, 90 NY2d 444, 451-452 [1997]; Silverman v Sciartelli, 26 AD3d 761, 762 [2006]). That testimony was contradicted by documentary evidence in the record establishing that SIS officers and investigators both worked in the Investigations Division of the Operations Bureau and were on the same level in the RPD's chain of command.

We therefore reverse the judgment, grant the petition and re-

mit the matter to Supreme Court to determine the amount of compensation to which each petitioner is entitled. In view of our determination, we do not address petitioners' remaining contention. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.