■ BYRON CASTILLO, Respondent, v AMJACK LEASING CORP., Appellant, and ROCHRIS REAL ESTATE CORP., Respondent. [924 NYS2d 277]—

In an action to recover damages for personal injuries, the defendant Amjack Leasing Corp. appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered April 28, 2010, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Amjack Leasing Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff was employed as a construction worker by nonparty Reno Concrete Corp. (hereinafter Reno). Reno allegedly leased a 2004 Chevrolet truck (hereinafter the truck) from the defendant Amjack Leasing Corp. (hereinafter Amjack). On March 27, 2008, a Reno employee, while operating the truck in reverse, struck the plaintiff, who was walking behind the truck. The plaintiff allegedly sustained personal injuries as a result of the accident.

The plaintiff commenced this action against, among others, Amjack, alleging, inter alia, that Amjack was negligent in maintaining the truck. Amjack moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing, among other things, that, pursuant to the Graves Amendment (49 USC § 30106), it was not liable as the truck lessor for the plaintiff's injuries because it was a bona fide commercial lessor of motor vehicles and the accident was not the result of any negligence on its part. The Supreme Court denied the motion, determining that it had not been established that Amjack was a bona fide commercial lessor of motor vehicles or that no triable issue of fact existed regarding Amjack's negligence in maintaining the truck. Amjack appeals, and we reverse.

Amjack established its prima facie entitlement to judgment as a matter of law by demonstrating the absence of any material issues of fact with respect to whether it was a commercial lessor of motor vehicles and that it was not negligent in maintaining the subject vehicle such that the Graves Amendment applied to shield it from liability for the plaintiff's injuries (see 49 USC

§ 30106; *Graham v Dunkley*, 50 AD3d 55, 57-58 [2008]; *Yoon Young Lee v Rivera*, 27 Misc 3d 1201[A], 2010 NY Slip Op 50517[U] [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court erred in denying Amjack's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.