■ VYRTLE TRUCKING CORP., Respondent, v JAMES M. BROWNE, Also Known as JAMES BROWNE, Appellant. [940 NYS2d 279]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester Count (Murphy, J.), entered January 4, 2011, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion for summary judgment dismissing the complaint is granted.

Vehicle and Traffic Law § 388 (1) provides that, with the exception of bona fide commercial lessors of motor vehicles, which are exempt from vicarious liability by virtue of federal law (*see* 49 USC § 30106; *Castillo v Amjack Leasing Corp.*, 84 AD3d 1297 [2011]), the owner of a motor vehicle shall be liable for the negligence of one who operates the vehicle with the owner's express or implied consent (*see Sargeant v Village Bindery*, 296 AD2d 395 [2002]; *Matter of Allstate Indem. Co. v Nelson*, 285 AD2d 545 [2001]; *Headley v Tessler*, 267 AD2d 428 [1999]). This statute creates a presumption that the driver was using the vehicle with the owner's express or implied permission (*see Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Forte v New York City Tr. Auth.*, 2 AD3d 489 [2003]), which only may be rebutted by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (*see Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Sargeant v Village Bindery*, 296 AD2d 395 [2002]; *Matter of Allstate Indem. Co. v Nelson*, 285 AD2d 545 [2001]; *Headley v Tessler*, 267 AD2d 428 [1999]). Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (hereinafter the stolen-vehicle rule) (*see Adamson v Evans*, 283 AD2d 527 [2001]).

Here, the defendant's submissions in support of his motion for summary judgment dismissing the complaint, including his affidavit and other documentary evidence, demonstrated that his vehicle had been stolen and involved in a high-speed chase with the police prior to the accident with the plaintiff's vehicle, and that the unknown driver of the defendant's car fled the scene on foot. Under these circumstances, the defendant demonstrated his prima facie entitlement to judgment as a matter of law (*see McDonald v Rose*, 37 AD3d 781, 783 [2007]; *see also Matter of New York Cent. Mut. Fire Ins. Co. v Dukes*, 14 AD3d 704 [2005]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition thereto, the plaintiff failed to raise a triable issue of fact as to whether the vehicle was not stolen or whether any exception to the stolen-vehicle rule (*see generally* Vehicle and Traffic Law § 1210 [a]; *Dougherty v Kinard*, 215 AD2d 521 [1995]) was applicable.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.