◼ In the Matter of DAUGHTRY A. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; MASSIEL E., Appellant, et al., Respondent. [941 NYS2d 888]—

In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an amended order of fact-finding and disposition of the Family Court, Kings County (Olshansky, J.), dated December 8, 2010, which, after fact-finding and dispositional hearings, inter alia, determined that she neglected the subject child, and (2) an order of protection of the same court, also dated December 8, 2010, which directed her not to interfere with the paternal grandmother's care and custody of the subject child for the period up to and including December 7, 2011.

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The appeal from the order of protection has been rendered academic by the expiration of the time limits contained therein (*see Matter of Bibolova v Radu*, 82 AD3d 1222 [2011]).

" '[A]dmissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomosoever made' " (*People v Caban*, 5 NY3d 143, 151 n [2005], quoting *Reed v McCord*, 160 NY 330, 341 [1899]). Contrary to the mother's contention, the Family Court did not violate her right to due process by allowing the case worker for the petitioner agency to testify regarding statements the mother made after the petition was filed regarding material facts which occurred prior to its filing, as the mother's admissions constituted competent evidence against her (*see People v Caban*, 5 NY3d at 151 n; *Reed v McCord*, 160 NY at 341).

The petitioner agency established a prima facie case of neglect against the mother by introducing evidence demonstrating that, while the subject child was under her care, he sustained injuries which ordinarily would not occur absent an act or omission of the appellant (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243-244 [1993]; *Matter of Alanie H. [Crystal D.]*, 69 AD3d 722, 723 [2010]). In response, the mother failed to rebut the presumption of culpability with a credible

and reasonable explanation of how the child sustained the injuries (*see Matter of Kaitlynn I.*, 64 AD3d 654, 655 [2009]; *Matter of Arielle LL.*, 294 AD2d 676, 677 [2002]). Accordingly, the finding of neglect was supported by a preponderance of the evidence.

The mother's remaining contentions are without merit. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.