■ LINDA J. DIAZ, as Administratrix of the Estate of JENNY PARINO, Also Known as JENNY MARIE DAPRINO, Deceased, Respondent, v CARA L. TUMBIOLO, Appellant, and ANGELA COMMISSO, Respondent. [975 NYS2d 761]—

In an action to recover damages for personal injuries and wrongful death, the defendant Cara L. Tumbiolo appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated July 24, 2012, as denied that branch of her motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On June 29, 2010, the plaintiff's decedent, Jenny Daprino, died as a result of injuries she allegedly sustained in an automobile accident. At the time of the accident, Daprino was a passenger in a vehicle owned by the defendant Cara L. Tumbiolo and operated by the defendant Angela Commisso. The plaintiff commenced the instant action against Tumbiolo and Commisso. Thereafter, Tumbiolo moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, alleging that she had not given Commisso permission to operate the subject vehicle. The Supreme Court denied that branch of Tumbiolo's motion, with "leave to renew at the conclusion of discovery."

"Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's permission" (*Marino v City of New York*, 95 AD3d 840, 841 [2012]; *see Murdza v Zimmerman*, 99 NY2d 375, 380 [2003]; *Vinueza v Tarar*, 100 AD3d 742, 743 [2012]). "Although the rule is not absolute or invariable, in most cases uncontradicted disavowals of permission by both the owner of the vehicle and the driver will constitute substantial evidence negating permissive use and entitle the owner to summary judgment" (*Vinueza v Tarar*, 100 AD3d at 743; *see Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 177 [2006]).

Here, in support of that branch of her motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, Tumbiolo failed to sufficiently rebut the strong presumption that Commisso was operating the subject vehicle with her consent by submitting competent evidence in admissible form (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

First, there is no indication that the copy of a post-accident

statement purportedly given by Tumbiolo to an investigator of New York Central Mutual Insurance Company was executed before a person authorized to administer oaths or properly notarized (*see Slavenburg Corp. v Opus Apparel*, 53 NY2d 799, 801 n [1981]; *Kaufman v Quickway, Inc.*, 64 AD3d 978, 979-980 [2009], *affd* 14 NY3d 907 [2010]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 390-391 [2008]).

Second, to the extent that Tumbiolo seeks to utilize a transcript of a plea proceeding dated October 21, 2011, wherein Commisso answered "[n]o" when asked if she had "permission" to "take" the subject vehicle, Commisso's prior statement is not admissible under the provisions of CPLR 4517. Further, Commisso's prior statement would be admissible as an "admission by a party" only as against Commisso, not as against the plaintiff (*see Basile v Huntington Util. Fuel Corp.*, 60 AD2d 616, 617 [1977]; *see also Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]; *Matter of Daughtry A. [Massiel E.]*, 94 AD3d 878 [2012]). Additionally, Tumbiolo failed to show that Commisso's prior statement would be admissible as a declaration against pecuniary, proprietary, or penal interest, which are exceptions to the rule against hearsay (*see People v Shabazz*, 22 NY3d 896 [2013]; Jerome Prince, Richardson on Evidence § 8-403 [Farrell 11th ed 2008]).

In light of Tumbiolo's failure to establish her prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied that branch of Tumbiolo's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Rivera, J.P., Angiolillo, Hall and Cohen, JJ., concur.