■ Sergio Fuentes, Appellant, et al., Plaintiffs, v Alonzo Virgil, Defendant, and Rosa Martinez, Respondent. [989 NYS2d 498]—

In an action to recover damages for personal injuries, the plaintiff Sergio Fuentes appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 16, 2013, as granted that branch of the motion of the defendant Rosa Martinez which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

Vehicle and Traffic Law § 388 (1) provides that, with the

exception of bona fide commercial lessors of motor vehicles, which are exempt from vicarious liability by virtue of federal law (*see* 49 USC § 30106; *Vyrtle Trucking Corp. v Browne*, 93 AD3d 716 [2012]; *Castillo v Amjack Leasing Corp.*, 84 AD3d 1297 [2011]), the owner of a motor vehicle shall be liable for the negligence of one who operates the vehicle with the owner's express or implied consent (*see Sargeant v Village Bindery*, 296 AD2d 395 [2002]; *Matter of Allstate Indem. Co. v Nelson*, 285 AD2d 545 [2001]; *Headley v Tessler*, 267 AD2d 428 [1999]). This statute creates a presumption that the driver was using the vehicle with the owner's express or implied permission (*see Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Vyrtle Trucking Corp. v Browne*, 93 AD3d at 716; *Forte v New York City Tr. Auth.*, 2 AD3d 489 [2003]), which only may be rebutted by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (*see Murdza v Zimmerman*, 99 NY2d 375 [2003]; *Diaz v Tumbiolo*, 111 AD3d 877 [2013]; *Vinueza v Tarar*, 100 AD3d 742, 743 [2012]; *Marino v City of New York*, 95 AD3d 840, 841 [2012]; *Vyrtle Trucking Corp. v Browne*, 93 AD3d at 716). Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (*see Vyrtle Trucking Corp. v Browne*, 93 AD3d at 716; *Adamson v Evans*, 283 AD2d 527 [2001]).

Here, the submissions in support of that branch of the motion of the defendant Rosa Martinez which was for summary judgment dismissing the complaint insofar as asserted against her, which included, a transcript of her deposition testimony and certified police records and reports, demonstrated that her vehicle had been stolen and involved in a chase with the police almost immediately prior to the accident with the vehicle operated by the plaintiff Sergio Fuentes. This evidence further demonstrated that the driver of her car, the defendant Alonzo Virgil, was apprehended at the scene and criminally prosecuted in connection with driving Martinez's vehicle at the time of the accident. Under these circumstances, Martinez demonstrated her prima facie entitlement to judgment as a matter of law (*see Vyrtle Trucking Corp. v Browne*, 93 AD3d 716 [2012]; *McDonald v Rose*, 37 AD3d 781, 783 [2007]; *Adamson v Evans*, 283 AD2d 527 [2001]; *see also Matter of New York Cent. Mut. Fire Ins. Co. v Dukes*, 14 AD3d 704 [2005]). In opposition thereto, Fuentes failed to raise a triable issue of fact as to whether Martinez was vicariously liable by virtue of violating Vehicle and Traffic Law § 1210 (*see Vyrtle Trucking Corp. v Browne*, 93 AD3d 716 [2012]).

Fuentes's remaining contention is without merit. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.