Piano Exch. v Weber (2019 NY Slip Op 00489)





Piano Exch. v Weber


2019 NY Slip Op 00489


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-02538
 (Index No. 604824/15)

[*1]The Piano Exchange, et al., appellants, 
v
Donna Weber, et al., respondents, et al., defendant.


Stuart S. Perry, P.C., New York, NY, for appellants.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman and Howard M. Merkrebs of counsel), for respondents.



DECISION & ORDER
In an action to recover for damage to property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), dated January 27, 2017. The order granted the motion of the defendants Donna Weber and Glen Weber for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
According to the deposition testimony of the defendants Donna Weber and Glen Weber, the defendant Reyes Pantro stole a Range Rover that belonged to the Webers. At the time of the theft, the Range Rover was parked in the Webers' driveway, and the keys to the Range Rover were in the glove compartment of another vehicle belonging to the Webers that was also parked in the driveway. Pantro crashed the Range Rover into a building and a truck which belonged to the plaintiffs, damaging both. The plaintiffs commenced this action alleging, inter alia, that the Webers were negligent in leaving the keys to the Range Rover in their second vehicle. The Webers moved for summary judgment dismissing the complaint insofar as asserted against them and the plaintiffs cross-moved for summary judgment on the issue of liability. The Supreme Court granted the Webers' motion and denied the plaintiffs' cross motion.
Vehicle and Traffic Law § 388(1) provides that, with the exception of bona fide commercial lessors of motor vehicles, which are exempt from vicarious liability under federal law (see 49 USC § 30106; Vyrtle Trucking Corp. v Browne, 93 AD3d 716; Castillo v Amjack Leasing Corp., 84 AD3d 1297), the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent (see Sargeant v Village Bindery, 296 AD2d 395; Matter of Allstate Indem. Co. v Nelson, 285 AD2d 545; Headley v Tessler, 267 AD2d 428). The statute creates a presumption that the driver was using the vehicle with the owner's express or implied permission (see Murdza v Zimmerman, 99 NY2d 375, 380; Fuentes v Virgil, 119 AD3d 522, 522-523; Vyrtle Trucking Corp. v Browne, 93 AD3d at 716; Forte v New York City Tr. Auth., 2 AD3d 489), which may be rebutted only by substantial evidence sufficient to show that the vehicle was not operated with the owner's consent (see Murdza v Zimmerman, 99 NY2d at 380; Fuentes v Virgil, 119 AD3d at 522-523; Diaz v Tumbiolo, 111 AD3d 877; Vinueza v Tarar, 100 AD3d 742, 743; Marino v City of New York, 95 AD3d 840, 841; Vyrtle Trucking Corp. v Browne, 93 AD3d at 716). Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (see Fuentes v Virgil, 119 AD3d at 522-523; Vyrtle Trucking Corp. v Browne, 93 [*2]AD3d at 716; Adamson v Evans, 283 AD2d 527).
Further, Vehicle and Traffic Law § 1210(a), entitled "Unattended motor vehicle," provides, in pertinent part: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle, and effectively setting the brake thereon . . . provided, however, the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency." "[A] motorist need only ensure that the ignition key is hidden from sight' and need not additionally conceal it so that the key is not readily discoverable by a prospective car thief without extreme difficulty'" (Banellis v Yackel, 49 NY2d 882, 884, quoting 1967 NY Legis Ann at 205, 206; see Manning v Brown, 91 NY2d 116, 122).
The Webers demonstrated their prima facie entitlement to judgment as a matter of law. In support of their motion for summary judgment, the Webers submitted their deposition testimony, wherein they both testified that they had parked the Range Rover in their driveway and knew nothing about the accident until they were notified by the police. The key was hidden in a glove compartment of a different vehicle parked in the private driveway (see Surace v Kersten, 278 AD2d 226; Koenig v Price, 200 AD2d 559). In opposition, the plaintiffs failed to raise a triable issue of fact (see Fuentes v Virgil, 119 AD3d at 523; Vyrtle Trucking Corp. v Browne, 93 AD3d at 717).
Accordingly, we agree with the Supreme Court's determination to grant the Webers' motion for summary judgment dismissing the complaint insofar as asserted against them, and to deny the plaintiffs' cross motion for summary judgment on the issue of liability.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court