Naranjo v City of New York (2026 NY Slip Op 01069)

Naranjo v City of New York

2026 NY Slip Op 01069

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-07207
 (Index No. 714480/22)

[*1]Luis Naranjo, appellant, 
vCity of New York, et al., defendants, Andrew Heiss, respondent.

Decolator, Cohen & Diprisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for appellant.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered April 15, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Andrew Heiss which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2022, the plaintiff allegedly was injured when a vehicle in which he was a passenger collided with a 2017 Lexus NX2 (hereinafter the Lexus) bearing a Florida license plate and operated by the defendant Naresh Deonarrain. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Andrew Heiss, as the owner of the Lexus. Heiss moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an affidavit in support of the motion, Heiss averred that he owned the Lexus, which had a New York registration, that it was stolen from his driveway in January 2022, that he had not seen the vehicle since, that he did not know Deonarrain, and that he had not given Deonarrain permission to drive the Lexus. Heiss also submitted a police report dated January 21, 2022, which confirmed that Heiss reported to the police that the Lexus, bearing the New York license plate to which the vehicle was registered, had been stolen from his driveway. In opposition, the plaintiff argued that the motion was premature and that there were triable issues of fact, including whether Heiss had left a key fob in the vehicle. In an order entered April 15, 2024, the Supreme Court, among other things, granted that branch of Heiss's motion. The plaintiff appeals.
Vehicle and Traffic Law § 388(1) makes every owner of a vehicle liable for injuries resulting from negligence "in the use or operation of such vehicle . . . by any person using or operating the [vehicle] with the permission, express or implied, of such owner," with exceptions not relevant here. Proof of ownership "creates a rebuttable presumption that the driver was using the vehicle with the owner's permission, express or implied" (Murdza v Zimmerman, 99 NY2d 375, 380 [internal quotation marks omitted]; see Piano Exch. v Weber, 168 AD3d 1017, 1018). The presumption may be rebutted "by substantial evidence sufficient to show that a vehicle was not operated with the owner's consent" (Murdza v Zimmerman, 99 NY2d at 380). "Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use" (Piano Exch. v Weber, 168 AD3d at 1018; see Fuentes v Virgil, 119 AD3d 522, 523).
Here, Heiss demonstrated his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting substantial evidence sufficient to show that the Lexus was stolen at the time of the accident and that it was not being operated with his consent (see Piano Exch. v Weber, 168 AD3d at 1019; Fuentes v Virgil, 119 AD3d at 523). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, that a key fob may have been left in the Lexus at the time that it was stolen did not raise a triable issue of fact, as Vehicle and Traffic Law § 1210(a) does not apply to a vehicle left in a private driveway (see Albouyeh v County of Suffolk, 62 NY2d 681, 683; Surace v Kersten, 278 AD2d 226, 227; Koenig v Price, 200 AD2d 559, 561).
The plaintiff's contention that the motion should have been denied as premature is without merit. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Morales v Amar, 145 AD3d 1000, 1003; see CPLR 3212[f]; Dalrymple v Morocho, 208 AD3d 751, 753). Here, the plaintiff failed to establish either basis, and "the mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion" (Houston v McQuiller, 232 AD3d 732, 734 [internal quotation marks omitted]; see Dalrymple v Morocho, 208 AD3d at 753).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of Heiss's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court