In the Matter of the Arbitration between JOSEPHINE HIGHSMITH, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Fourth Department, April 3, 1969.

*Miles, Cochrane, Grosse, Rossetti & Lord (Victor R. Rossetti* of counsel), for appellant.

*Miserendino, Krull & Foley (Samuel R. Miserendino* of counsel), for respondent.

WITMER, J. MVAIC appeals from an order denying its motion for stay of arbitration pending trial of an issue of fact. The order was made upon affidavits submitted upon the motion, and the court's action was in the nature of a grant of summary judgment (*McGuinness* v. *MVAIC,* 18 A D 2d 1100). Summary judgment, of course, can only be granted when no substantial issue of fact exists. On an application by MVAIC for a stay of arbitration the burden of establishing to the satisfaction of the

court that a substantial issue of fact exists for trial is upon such applicant (*Matter of Kuhn* v. *MVAIC*, 31 A D 2d 707). Although the familiar rule that summary judgment will not be granted in favor of a moving party who possesses or controls the essential evidence needed to determine a factual issue as against a party who lacks access to the facts (*Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.*, 17 A D 2d 578) does not strictly apply here, because MVAIC is the moving party, consideration must be given to such principle (*Matter of MVAIC* [*Brown*], 15 A D 2d 578, app. dsmd. 11 N Y 2d 968).

Petitioner was injured in a one-car accident on November 5, 1961, and neither the owner nor the operator of the vehicle was insured. Notice of the accident was given to respondent MVAIC within six weeks on an official form provided therefor, but petitioner left blank the space numbered "9", provided for giving notice of the name of the insurance company of the injured person or of the head of the household of such person. Over four years later, in March, 1966 petitioner served upon respondent a demand for arbitration, asserting that she was entitled thereto as a member of the household of her husband, an insured person, pursuant to the endorsement on his insurance policy. No question is raised as to the husband being insured at the time; but on this motion respondent contends that an issue of fact exists as to whether petitioner was actually a member of his "household" at the time of the accident (see 2 NY PJI 1000). Petitioner contends, and Special Term found, that no substantial issue of fact exists in this respect, apparently on the theory that respondent had failed to exercise diligence in ascertaining the facts which it claims create an issue (see *Silinsky* v. *State-Wide Ins. Co.*, 30 A D 2d 1, 5–6; *McGuinness* v. *MVAIC, supra*). With this we cannot agree.

In addition to the fact that on filing her notice of intention to make claim in December, 1961 petitioner failed to complete item 9 mentioned above, respondent presented on the motion (1) an unsworn signed statement dated June 30, 1966 by a female friend of petitioner that she and petitioner were close friends and she knew that at the time of the accident petitioner was separated from her husband; and respondent averred that since making such statement the friend now refuses to swear thereto; (2) an affidavit by the mother of the operator of the vehicle in which petitioner was injured, stating that the operator was living with the mother at the time of the accident, and petitioner's husband came to the mother's home and asked her who would pay petitioner's hospital bill, and said that he was separated from his wife and did not intend to pay it; and (3) an affidavit by petitioner dated November 16, 1963, two years after the

accident, stating that she was separated from her husband, does not own an automobile, "nor does anyone living at my residence own a car". In defense of the motion, petitioner and her husband submitted affidavits that although they had matrimonial troubles and were separated before the accident, they were living together on the date thereof and separated again a few weeks thereafter.

Petitioner's husband has also sworn that even when he was living apart from her, he was supporting her, and she was hence part of his household. Assuming, without deciding, that in a particular case a wife in such circumstances could be a member of her husband's household (see *Appleton* v. *Merchants Mut. Ins. Co.,* 16 A D 2d 361; *Allstate Ins. Co.* v. *Jahrling,* 16 A D 2d 501, app. dsmd. 12 N Y 2d 943; and cf. *Craig* v. *Craig,* 24 A D 2d 588, 589, indicating that the crucial point is whether there has been a break in the family ties), we deem that this also presents a question of fact; and this ".anyway" argument in behalf of petitioner may cast some doubt upon how sure petitioner is that she was really living with her husband on the date of the accident.

In the light of the foregoing we deem that a substantial question of fact exists herein as to whether petitioner was a member of her husband's household at the time of the accident, which should be determined by trial as a condition precedent to arbitration (see *Matter of MVAIC [Stein],* 23 A D 2d 526 and *Matter of Domser* v. *O'Boyle,* 18 A D 2d 1133).

The order denying the motion for stay of arbitration pending trial of the issue of fact should, therefore, be reversed and the motion granted.

GOLDMAN, P. J., GABRIELLI, MOULE and BASTOW, JJ., concur.

Order unanimously reversed without costs and motion for stay of arbitration granted pending the trial of the preliminary issue of fact, in accordance with the opinion by WITMER, J.