■ ANTHONY ASARO et al., Respondents, v McGUIRE AUTO RENTAL LEASING, INC., Appellant, et al., Defendant. [657 NYS2d 334] —In an action to recover damages for personal injuries and property damage, the defendant McGuire Auto Rental Leasing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated February 27, 1995, as, after a hearing, granted the plaintiffs' motion to strike its affirmative defense of lack of personal jurisdiction and denied its cross motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to Vehicle and Traffic Law § 388 there is a very strong presumption that the vehicle driven by the defendant Michael Van Malmberg was operated with the consent of the owner, the defendant McGuire Auto Rental Leasing, Inc., and such presumption, in this case, was not overcome by substantial evidence to the contrary (see, Wynn v Middleton, 184 AD2d 1019; Stewart v Town of Hempstead, 204 AD2d 431). Therefore, service upon the Secretary of State pursuant to Vehicle and Traffic Law § 253, which authorizes such service upon a nonresident owner of a vehicle where the vehicle was used with the owner's permission, was proper in this case, and jurisdiction over the defendant was properly acquired.

Since the record reflects that the question of whether the vehicle was operated with permission was determined by the Supreme Court after a hearing held upon the consent of the parties, there is no error in failing to have the issue determined by a jury (*cf., Lipetz v Palmer,* 216 AD2d 367). Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.