■ In the Matter of GENERAL ACCIDENT INSURANCE COMPANY, Respondent, v SHAUN BONEFONT et al., Respondents, and TERESA A. WILLIAMS et al., Appellants. [716 NYS2d 596] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Teresa A. Williams and Interboro Mutual Indemnity Insurance Company appeal from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated May 9, 2000, which granted the petition and stayed arbitration.

Ordered that the order is affirmed, with costs.

Pursuant to Vehicle and Traffic Law § 388 there is a "very strong" presumption that a vehicle is operated with the consent of the owner. There was no substantial evidence to overcome the presumption with respect to the vehicle owned by Teresa A. Williams (*see, Asaro v McGuire Auto Rental Leasing,* 238 AD2d 366; *Albouyeh v County of Suffolk,* 96 AD2d 543, *affd* 62 NY2d 681; *Stewart v Town of Hempstead,* 204 AD2d 431; *State Farm Mut. Auto. Ins. v White,* 175 AD2d 122).

The resolution by the Supreme Court of the issues regarding the credibility of the witnesses and the weight to be given the evidence is supported by the record and will not be disturbed (*see, John Eric Jacoby, M.D., P. C. v Loper Assocs.,* 249 AD2d 277). The fact that Williams' testimony was not contradicted does not, by itself, overcome the presumption that the vehicle was being operated with permission (*see, Lewis v Caldwell,* 236 AD2d 896; *Horvath v Lindenhurst Auto Salvage,* 104 F3d 540). O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.