■ NARAIN NAIDU et al., Appellants, v STEVEN F. HARWIN, Respondent, et al., Defendant. (And a Third-Party Action.) [721 NYS2d 826] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated June 5, 2000, as granted the motion of the defendant Steven F. Harwin for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates it with the owner's permission. That section gives rise to a presumption that the vehicle is being operated with the owner's consent, but the presumption may be rebutted by substantial evidence to the contrary (*see, Headley v Tessler,* 267 AD2d 428; *Greater N. Y. Mut. Ins. Co. v Clark,* 205 AD2d 857, 858-859; *Stewart v Town of Hempstead,* 204 AD2d 431; *State Farm Mut. Auto. Ins. v White,* 175 AD2d 122). The respondent made a prima facie showing of entitlement to summary judgment dismissing the complaint insofar as asserted against him by submitting evidence that, at the time of the accident, the defendant Amos D. Scott was driving the vehicle in a place and

for a purpose that exceeded the terms of the consent given (*see, Barrett v McNulty,* 27 NY2d 928, 929; *Headley v Tessler, supra; Molina v NYRAC, Inc.,* 228 AD2d 655; *Bruno v Privilegi,* 148 AD2d 652). In opposition, the plaintiffs failed to proffer competent evidence sufficient to raise a triable issue of fact. Therefore, the Supreme Court properly granted the motion. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.