■ In the Matter of CGU INSURANCE COMPANY, Respondent, v WILLIE VELEZ, Respondent, and ALLSTATE INSURANCE COMPANY et al., Appellants. [731 NYS2d 853] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Berler, J.), dated June 28, 2000, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The determination of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not be reached by any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490; *Matter of Tri-State Consumer Ins. Co. v Dabush,* 264 AD2d 848; *Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530). The Supreme Court's determination that the offending vehicle was properly identified by Willie Velez as a vehicle owned at the time of the accident by Tiffany Lewandowski is supported by a fair interpretation of

the evidence. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.