In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JEANETTE NATER, Respondent. [804 NYS2d 379]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, State Farm Mutual Automobile Insurance Company appeals from a judgment of the Supreme Court, Queens County (Conway, R.), dated December 1, 2004, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 15, 2002, the respondent, Jeannette Nater, allegedly was injured when she was hit by a motorcycle driven by an uninsured motorcyclist while walking from her parking space to pick up her daughter at school. At the time of the accident, she and her then husband of 12 years, Peter Nater, in whose

name the underlying automobile insurance policy had been issued, were in the process of getting a divorce, and lived in separate apartments within the same two-family home, which they jointly owned. Despite the fact that they lived in separate parts of the house, the spouses continued to share all household expenses, exactly as they had done while they were still living together in one of the two apartments. They continued, among other things, to share the use of the family car, which had been acquired during the marriage but was registered and insured in the husband's name. Soon after the accident, the husband filed an insurance claim with the petitioner on his wife's behalf.

The petitioner denied coverage on the ground that the respondent was not a resident of the same household as her husband at the time of the accident and, therefore, not an insured under her husband's policy. The respondent filed a demand for arbitration, and this CPLR article 75 proceeding ensued. After a hearing, the Supreme Court denied the petition and dismissed the proceeding. We affirm.

"It is well established that the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusion could not be reached by any fair interpretation of the evidence" (*Matter of Allstate Ins. Co. v McMahon*, 251 AD2d 571, 572 [1998]; *accord Matter of Merchants Mut. Ins. Group v Idore*, 10 AD3d 612 [2004]). On this record, we find the Supreme Court's determination to be supported by a fair interpretation of the evidence. Although the respondent and her now former husband lived in separate parts of the same house, that fact alone was not conclusive in determining whether they remained members of the same "household" for insurance purposes (*Allstate Ins. Co. v Jahrling*, 16 AD2d 501 [1962]; *see generally Appleton v Merchants Mut. Ins. Co.*, 16 AD2d 361 [1962]). Notably, the details of their financial and living arrangements during the pendency of the divorce proceeding support the Supreme Court's findings of fact that the spouses continued to maintain a common household (*cf. Matter of Highsmith [Motor Veh. Acc. Indem. Corp.]*, 31 AD2d 424 [1969]) and reasonably anticipated that the respondent would continue to be afforded coverage under the husband's automobile insurance policy (*see Schaut v Firemen's Ins. Co. of Newark*, 130 AD2d 477 [1987]), particularly since they still shared the use of the same car.

The petitioner's remaining contentions are without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.