■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v MARK ELLINGTON et al., Appellants. [810 NYS2d 356]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Allstate Insurance Company and Castina Reid appeal from a judgment of the Supreme Court, Queens County (Rios, J.),

entered August 22, 2005, which, after a hearing, granted the petition and directed Allstate Insurance Company to defend and indemnify Castina Reid in any lawsuit brought against her for injuries sustained by Mark Ellington arising from a June 15, 2001 accident, and Mark Ellington separately appeals from so much of the same judgment as granted the petition.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The strong presumption of permissive use afforded by Vehicle and Traffic Law § 388, can only be rebutted by substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's consent (*see Matter of New York Cent. Mut. Fire Ins. Co. v Dukes*, 14 AD3d 704 [2005]). The uncontradicted testimony of a vehicle owner that the vehicle was operated without his or her permission, does not, by itself, overcome the presumption of permissive use (*see Matter of General Acc. Ins. Co. v Bonefont*, 277 AD2d 379 [2000]).

"The determination of the fact-finding court should not be disturbed on appeal unless its conclusions could not be reached on any fair interpretation of the evidence, especially where, as here, the determination turns largely upon the credibility of the lone witness" (*Matter of New York Cent. Mut. Fire Ins. Co. v Accardo*, 298 AD2d 459 [2002]; *see Matter of CGU Ins. Co. v Velez*, 287 AD2d 624 [2001]). Here, the Supreme Court's resolution of the issues of the vehicle owner's credibility, and the weight to be given the evidence, is supported by the record and will not be disturbed on appeal (*see Matter of General Acc. Ins. Co. v Bonefont, supra*). Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.