■ LUIS PADILLA, Plaintiff, and DANIEL GARCIA et al., Respondents, v SCOTT FELSON, Appellant, et al., Defendants.
[813 NYS2d 744]—

In a consolidated action to recover damages for personal injuries, the defendant Scott Felson appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 24, 2004, as denied that branch of his motion which was for summary judgment dismissing the complaint of the plaintiffs Daniel Garcia and Miguel Concepcion insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the respondents' complaint insofar as asserted against the appellant is granted, that complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a motor vehicle the negligence of one who uses or operates that vehicle "with the permission, express or implied, of such owner." The statute gives rise to a strong presumption that a vehicle is being operated with the owner's consent, however, that presumption may be rebutted by substantial evidence to the contrary (*see Murdza v Zimmerman,* 99 NY2d 375, 380 [2003]; *Cherry v Tucker,* 5 AD3d 422, 424 [2004]; *Naidu v Harwin,* 281 AD2d 525 [2001]).

Here, it is uncontroverted that the defendant Scott Felson, the owner of the vehicle in which the plaintiffs were passengers at the time of the subject accident (hereinafter the Felson vehicle), left his vehicle in the possession of the defendant Giovanne G. Arcamone at Arcamone's auto body repair shop for the

limited purpose of having repairs made (*see e.g. Murdza v Zimmerman, supra* at 380). It is also uncontroverted that before the accident, the plaintiffs Daniel Garcia and Miguel Concepcion had gone to the shop to inquire about the status of a vehicle owned by Concepcion's mother (hereinafter the Concepcion vehicle), which also was being repaired at the shop. The evidence presented in support of Felson's motion, inter alia, for summary judgment established that at the time of the accident, Arcamone and the plaintiff Luis Padilla, his employee, along with Garcia and Concepcion, used the Felson vehicle, without the express or implied permission of Felson, to drive to a dealership to pick up a part for the Concepcion vehicle (*see Headley v Tessler,* 267 AD2d 428, 428-429 [1999]). During his deposition Felson steadfastly denied that he gave Arcamone permission or authority to drive his vehicle on the public roadways. Felson thereby established his prima facie entitlement to summary judgment (*see Naidu v Harwin, supra* at 525-526). In opposition to Felson's motion, the respondents failed to raise a triable issue of fact (*see Naidu v Harwin, supra* at 526). They proferred no evidence that the Felson vehicle was being used with Felson's consent. Indeed, the plaintiffs all testified that they knew nothing about the Felson vehicle or its ownership, and Padilla also testified that he had no knowledge as to whether Arcamone had permission to use it. Accordingly, that branch of Felson's motion which was for summary judgment dismissing the complaint of the plaintiffs Daniel Garcia and Miguel Concepcion insofar as asserted against him should have been granted (*see Naidu v Harwin, supra* at 525-526). Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.