■ In the Matter of AIG CENTENNIAL INSURANCE COMPANY, Respondent, v RANGASAMMY CHUNASAMY et al., Respondents, and STATE FARM MUTUAL INSURANCE COMPANY, Appellant. [818 NYS2d 95]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, State Farm Mutual Insurance Company appeals from a judgment of the Supreme Court, Queens County (Conway, R.), dated July 8, 2005, which, after a hearing, inter alia, determined that its disclaimer was untimely as a matter of law and directed it to provide coverage for the subject accident.

Ordered that the judgment is affirmed, with costs.

"It is well established that the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusion could not be reached by any fair interpretation of the evidence" (*Matter of State Farm Mut. Auto. Ins. Co. v Nater,* 22 AD3d 762, 763 [2005]; *see Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571, 572 [1998]; *Matter of CGU Ins. Co. v Velez,* 287 AD2d 624 [2001]). Here, the Supreme Court's determination that State Farm Mutual Insurance Company (hereinafter State Farm) was first notified of the subject accident in "[l]ate March of 2004," was supported by a fair interpretation of the evidence. Thus, the Supreme Court properly concluded that State Farm's failure to disclaim until July 12, 2004 was unreasonable as a matter of law (*see Matter of American Express Prop. Cas. Co. v Vinci,* 18 AD3d 655, 656 [2005]; *Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp.,* 18 AD3d 843, 845 [2005]; *Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439, 440 [2000]; *Matter of Allstate Ins. Co. v Souffrant,* 221 AD2d 434 [1995]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.