■ In the Matter of STATE FARM FIRE & CASUALTY COMPANY, Respondent, v JOHN HAYES, Appellant, and LESLIE B. HODELIN et al., Respondents. [912 NYS2d 588]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal, as limited by the appellant's brief, is from so much of a judgment of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), dated November 18, 2009, as, after a hearing, determined that the subject vehicle was stolen and being operated without permission at the time of the accident and, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"The strong presumption of permissive use afforded by Vehicle and Traffic Law § 388, can only be rebutted by substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's consent" (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington*, 27 AD3d 567, 568 [2006]; *see Murdza v Zimmerman*, 99 NY2d 375, 378 [2003]; *Matter of New York Cent. Mut. Fire Ins. Co. v Dukes*, 14 AD3d 704 [2005]). "The determination of the fact-finding court should not be disturbed on appeal unless its conclusions could not be reached on any fair interpretation of the evidence, especially where, as here, the determination turns largely upon the credibility" of witnesses (*Matter of New York Cent. Mut. Fire Ins. Co. v Accardo*, 298 AD2d 459 [2002]; *see Sargeant v Village Bindery*, 296 AD2d 395, 396 [2002]; *Matter of CGU Ins. Co. v Velez*, 287 AD2d 624 [2001]).

Here, the Supreme Court's resolution of the issues of the vehicle owner's credibility, and the weight to be given the evidence, is supported by the record and will not be disturbed on appeal (*see Amex Assur. Co. v Kulka*, 67 AD3d 614, 615 [2009]; *McDonald v Rose*, 37 AD3d 781, 783 [2007]; *Matter of Allstate Indem. Co. v Nelson*, 285 AD2d 545 [2001]). Accordingly, the Supreme Court properly, in effect, denied the petition and

dismissed the proceeding, finding that the presumption of permissive use was overcome (see Matter of New York Cent. Mut. Fire Ins. Co. v Accardo, 298 AD2d at 459; Matter of Allstate Indem. Co. v Nelson, 285 AD2d at 545; Headley v Tessler, 267 AD2d 428, 428-429 [1999]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.