In the Matter of FIDUCIARY INSURANCE COMPANY OF AMERICA, Appellant, v ANTOINE MORRIS et al., Respondents. GEICO et al., Proposed Respondents. [921 NYS2d 873]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), dated June 9, 2010, as, after a hearing, determined that the subject vehicle was stolen and being operated without permission at the time of the accident, denied the petition, and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The strong presumption of permissive use afforded by Vehicle and Traffic Law § 388, can only be rebutted by substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's consent" (*Matter of State Farm Mut. Auto. Ins. Co. v Ellington*, 27 AD3d 567, 568 [2006]; *see Matter of State Farm Fire & Cas. Co. v Hayes*, 78 AD3d 1063 [2010]). Here, the Supreme Court properly determined that the presumption of permissive use was overcome (*see Matter of State Farm Fire & Cas. Co. v Hayes*, 78 AD3d at 1063; *Matter of New York Cent. Mut. Fire Ins. Co. v Accardo*, 298 AD2d 459 [2002]). In this respect, the factfinder's resolution of issues of the witnesses' credibility is supported by the record and will not be disturbed on appeal (*see Matter of State*

*Farm Fire & Cas. Co. v Hayes*, 78 AD3d at 1063). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.