■ Zoila Alvarez, Plaintiff, v Christopher A. Bivens, Appellant, and Jeffrey Gadsden, Respondent. [980 NYS2d 425]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 5, 2012, which denied defendant Christopher A. Bivens's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

On August 26, 2008, Bivens parked his truck on the street near the old Yankee stadium. When he exited the truck, he locked it and placed a hide-a-key box with the spare key inside in the rear wheel frame. Bivens returned at approximately 11:30

p.m., at which time the truck was gone and he reported it stolen. When it was recovered by police about three days later, the hide-a-key box was not there. However, the police recovered the key that had been in the box, which Bivens recognized because it was "all bent up." Meanwhile, on August 28, 2008, plaintiff was struck by the stolen truck. On September 3, 2008, defendant Jeffrey Gadsden pleaded guilty to grand larceny in the fourth degree, admitting that "on or about August 27, 2008, and in between August 28, 2008, at the corner of 150th Street and Third Avenue of the Bronx, [he] did steal [the truck] valued at over $100.00."

Bivens established by substantial evidence that his truck was stolen at the time of the accident, thereby rebutting the presumption that the motor vehicle was being operated with his consent (Vehicle and Traffic Law § 388 [1]; *see Adamson v Evans*, 283 AD2d 527 [2d Dept 2001]). In opposition, plaintiff failed to raise an issue of fact as whether Bivens had violated Vehicle and Traffic Law § 1210 (a).

Pursuant to Section 1210 (a), "[n]o person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the vehicle." However, the section states that "the provision for removing the key from the vehicle shall not require the removal of keys hidden from sight about the vehicle for convenience or emergency." Thus, to avoid liability under the section, "a motorist need only ensure that the ignition key is 'hidden from sight' and need not additionally conceal it so that the key is 'not readily discoverable by a prospective car thief without extreme difficulty' " (*Banellis v Yackel*, 49 NY2d 882, 884 [1980], quoting 1967 NY Legis Ann at 205, 206).

Here, Bivens's testimony that someone could "probably" see the hide-away-box if they looked for it, and that "you would have a very small window as you are walking past it," from which you could "possibly" see the key, did not suffice to raise an issue as to whether the key was "hidden from sight." Bivens testified that one would "have to kind of be peeking around a little bit" to find the key in the hide-a-key box and the record establishes that the key was not in plain view and that one would have to be actively looking for it to find it (*see Manning v Brown*, 91 NY2d 116, 120 [1997]; *Gore v Mackie*, 278 AD2d 879 [4th Dept 2000]; *Poss v Feringa*, 241 AD2d 877, 878 [3d Dept 1997]). Concur—Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.