Matter of Country-Wide Ins. Co. v Park (2018 NY Slip Op 08478)





Matter of Country-Wide Ins. Co. v Park


2018 NY Slip Op 08478


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06381
 (Index No. 709803/14)

[*1]In the Matter of Country-Wide Insurance Company, appellant, 
v
Hyoung W. Park, respondent-respondent, Elite Suede & Leather Cleaning Company, Inc., et al., respondents.


Jaffe & Koumourdas, LLP, New York, NY (Jean H. Kang of counsel), for appellant.
Sackstein, Sackstein & Lee, LLP, Garden City, NY (Michael M. Szechter of counsel), for respondent-respondent.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Brian Daly], of counsel), for respondents Elite Suede & Leather Cleaning Company, Inc., and Allstate Insurance Company.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered May 17, 2016. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs to the respondent-respondent.
Hyoung W. Park allegedly was injured when he was struck by a vehicle while attempting to prevent an unknown individual from stealing that vehicle. The insurer of the vehicle, Allstate Insurance Company, disclaimed coverage on the basis that the vehicle had been stolen at the time the vehicle struck Park. The petitioner insurance company commenced this proceeding to permanently stay arbitration of Park's uninsured motorist claim. At a hearing, Park testified that he had been driving the vehicle and then parked it, removed the key from the ignition, and left the key on the driver's seat while he went into a store for one or two minutes. When he exited the store and discovered someone attempting to steal the vehicle, he stood in front of the vehicle in an attempt to prevent it from being stolen, and was struck by the vehicle. Park testified that the windows of the vehicle were tinted, and were up, so that a person standing outside the vehicle could not see inside. The Supreme Court found that the vehicle was in "a state of theft" when it struck Park and denied the petition and dismissed the proceeding. The petitioner appeals.
Vehicle and Traffic Law § 388 creates a "presumption that the operator of a vehicle operates it with the owner's permission" (State Farm Fire & Cas. Co. v Sajewski, 150 AD3d 1297, 1297; see Fuentes v Virgil, 119 AD3d 522, 523; Vyrtle Trucking Corp. v Browne, 93 AD3d 716, 717; Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d 480, 481). This presumption [*2]may be rebutted by "substantial evidence that the owner did not give the operator consent" to operate the vehicle (State Farm Fire & Cas. Co. v Sajewski, 150 AD3d at 1297; see Fuentes v Virgil, 119 AD3d at 523; Vyrtle Trucking Corp. v Browne, 93 AD3d at 717; Matter of Fiduciary Ins. Co. of Am. v Morris, 84 AD3d 802, 802; Matter of State Farm Fire & Cas. Co. v Hayes, 78 AD3d 1063, 1063; Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d at 481). Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use (see Fuentes v Virgil, 119 AD3d at 523; Vyrtle Trucking Corp. v Browne, 93 AD3d at 717; McDonald v Rose, 37 AD3d 781, 783; Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d at 481; Adamson v Evans, 283 AD2d 527, 528).
Here, the Supreme Court's resolution of the issue of Park's credibility is supported by the record and will not be disturbed on appeal (see Matter of Fiduciary Ins. Co. of Am. v Morris, 84 AD3d at 802; Matter of State Farm Fire & Cas. Co. v Hayes, 78 AD3d at 1063). Park's testimony established that the key was not in the ignition of the vehicle and was sufficiently hidden from sight (see Manning v Brown, 91 NY2d 116, 122; Alvarez v Bivens, 114 AD3d 526, 527). The petitioner failed to present admissible evidence to the contrary (see Shehab v Powers, 150 AD3d 918, 919; Memenza v Cole, 131 AD3d 1020, 1021-1022; Bailey v Reid, 82 AD3d 809, 810). We agree with the court's determination that the presumption of permissive use was overcome and to deny the petition and dismiss the proceeding (see Fiduciary Ins. Co. of Am. v Morris, 84 AD3d at 802; State Farm Fire & Cas. Co. v Hayes, 78 AD3d at 1063).
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court