Matter of Allstate Ins. Co. v Jae Kan Shim (2020 NY Slip Op 04158)





Matter of Allstate Ins. Co. v Jae Kan Shim


2020 NY Slip Op 04158


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-05643
 (Index No. 700994/18)

[*1]In the Matter of Allstate Insurance Company, appellant,
v
Jae Kan Shim, et al., respondents-respondents, et al., respondent.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for respondent-respondent Jae Kan Shim.
Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Cindy S. Simms of counsel), for respondent-respondent Miyong Pae.
James F. Butler (Picciano & Scahill, P.C., Bethpage, NY [Albert J. Galatan], of counsel), for respondents-respondents State Farm Insurance Company and Ashley Johnson.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated April 4, 2019. The judgment, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On October 7, 2016, Jae Kan Shim and Miyong Pae (hereinafter together the respondents) were allegedly injured as a result of a motor vehicle accident that occurred in New York during which their vehicle, which was owned by Jae Kan Shim, was struck by a 2003 Acura owned by Ashley Johnson and operated by Leon Frierson, who fled the scene of the accident. State Farm Insurance Company (hereinafter State Farm), the insurer of Johnson's vehicle, disclaimed coverage. Thereafter, the respondents filed a demand for uninsured motorist arbitration with Jae Kan Shim's insurer, Allstate Insurance Company (hereinafter Allstate). Allstate commenced this proceeding, inter alia, to permanently stay arbitration. The Supreme Court granted that branch of the petition which was to add Ashley Johnson, Leon Frierson, and State Farm as additional respondents and held a framed-issue hearing on the issue of nonpermissive use with regard to Johnson's 2003 Acura. Following the hearing, in a judgment dated April 4, 2019, the court found that the owner of the 2003 Acura, Johnson, "only gave vehicle keys and permissive use to Murph's Garage for service and repair of her vehicle and not to potential buyer, Shabazz or others to use." The court determined that [*2]the respondents demonstrated that they had a valid uninsured motorist claim and denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding. The petitioner appeals. We affirm.
"Vehicle and Traffic Law § 388(1) imputes to the owner of a motor vehicle the negligence of one who uses or operates that vehicle with the permission, express or implied, of such owner" (Padilla v Felson, 28 AD3d 530, 530 [internal quotation marks omitted]; see Vehicle and Traffic Law § 388). "The strong presumption of permissive use afforded by Vehicle and Traffic Law § 388 can only be rebutted by substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's consent" (Matter of State Farm Fire & Cas. Co. v Hayes, 78 AD3d 1063, 1063 [internal quotation marks omitted]).
Here, the Supreme Court's resolution of the issue of the vehicle owner's credibility is supported by the record and will not be disturbed on appeal (see Matter of Country-Wide Ins. Co. v Park, 167 AD3d 735, 736; Matter of State Farm Fire & Cas. Co. v Hayes, 78 AD3d at 1063). The court found that Johnson, a life-long resident of Pennsylvania and the owner of the 2003 Acura that was involved in the subject accident that occurred in New York on October 7, 2016, testified credibly. In August 2016, Johnson left the 2003 Acura with the keys at Murph's Garage located in Coatesville, Pennsylvania, for Murph, the mechanic, to perform certain repair work on the vehicle. Johnson testified that she told Murph that he could take his time fixing the Acura, but she did not authorize him to allow anyone to use the vehicle. She acknowledged that Murph would probably "have to test drive [her vehicle] around the block, but that's it"; he did not have permission to test drive it to New York. Sometime after Johnson left the vehicle at the garage, Sheroon Shabazz, a family member of one of Johnson's friends, inquired of Johnson about purchasing Johnson's vehicle. Johnson subsequently learned that Murph allowed Shabazz to take the vehicle. Johnson testified that she did not give Murph, Shabazz, or anyone permission to use her vehicle. She did not know Frierson, the individual who was operating her vehicle in New York on October 7, 2016, at the time of the accident.
The record established that the presumption of permissive use was overcome by substantial evidence. Johnson had given the Acura vehicle and keys to Murph, whose garage was in Pennsylvania, for the limited purpose of repairing the vehicle, and she had not given permission to Shabazz, Frierson, or anyone to use her vehicle (see generally Nelson v Ford Motor Credit Co., 41 AD3d 444, 445; Padilla v Felson, 28 AD3d 530).
The remaining contention of State Farm and Johnson, raised for the first time on appeal, is not properly before this Court.
Accordingly, we agree with the Supreme Court's determinations that the presumption of permissive use was overcome and to deny that branch of the petition which was to permanently stay arbitration and dismiss the proceeding (see Matter of Fiduciary Ins. Co. of Am. v Morris, 84 AD3d 802).
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court