Matter of Government Employees Ins. Co. v Johnson-McNeil (2020 NY Slip Op 04556)





Matter of Government Employees Ins. Co. v Johnson-McNeil


2020 NY Slip Op 04556


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14755
 (Index No. 705196/17)

[*1]In the Matter of Government Employees Insurance Company, petitioner-respondent, 
v
Cynthia Johnson- McNeil, et al., respondents, Merline Gayle, et al., appellants.


Scahill Law Group, P.C., Bethpage, NY (Albert J. Galatan of counsel), for appellants.
Gail S. Lauzon (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Merline Gayle, Kenroy Gayle, and Maidstone Insurance Company appeal from a judgment of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered November 20, 2018. The judgment, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the judgment is affirmed, with costs.
On July 22, 2015, Lucinda Johnson-Pringle was a passenger in a vehicle owned and operated by her sister, Cynthia Johnson-McNeil, when the vehicle was involved in a collision with another vehicle. The driver of the other vehicle allegedly drove away from the scene of the accident after he had picked up a broken headlight that had fallen from his vehicle. However, before the other vehicle drove away, Johnson-Pringle had exited her sister's vehicle and taken photographs of the other vehicle with her cellular telephone. Subsequently, it was alleged that the other vehicle involved was a 1998 Dodge owned by Merline Gayle and/or Kenroy Gayle (hereinafter together the Gayles) and insured by Maidstone Insurance Company (hereinafter Maidstone). The Gayles denied
any involvement with the accident, and Maidstone denied a claim for damages by Johnson-Pringle and Johnson-McNeil (hereinafter together the respondents), asserting that the insured vehicle was not involved in the accident.
The respondents filed an uninsured motorist application with Johnson-McNeil's insurer, Government Employees Insurance Company (hereinafter GEICO). Upon GEICO's refusal to acknowledge a valid uninsured motorist claim, the respondents demanded arbitration. Thereafter, GEICO commenced this proceeding, inter alia, to permanently stay arbitration. The Supreme Court granted that branch of the petition which was for leave to join the Gayles and Maidstone as additional respondents to the proceeding and held a framed-issue hearing to determine whether the vehicle owned by Kenroy Gayle and insured by Maidstone was involved in the accident on July 22, 2015. Following the hearing, the court found that based upon the credible evidence, including the "very" credible testimony of the respondents, the 1998 Dodge owned by Kenroy Gayle and insured by Maidstone was involved in the accident on July 22, 2015. Thus, the court granted that branch of the petition which was to permanently stay arbitration. The Gayles and Maidstone appeal.
Here, the Supreme Court's resolution of the issues of the parties' credibility, and the weight to be given the evidence, is supported by the record and will not be disturbed on appeal (see Matter of State Farm Mut. Auto. Ins. Co. v Ellington, 27 AD3d 567, 568). The court found the respondents to be "very" credible. Johnson-McNeil identified the offending vehicle as a dark-colored van missing a headlight. Johnson-Pringle testified that the photographs taken by her at the scene of the accident and admitted into evidence showed her sister's vehicle and the other vehicle involved in the accident. Merline Gayle admitted that she and her husband had owned a "burgundy red" 1998 Dodge Caravan. Moreover, while the Gayles denied being involved in the accident, their testimony was found to be not credible, and notably they did not state where they were at the time of the accident. Additionally, when shown the photographs of the other vehicle involved in the accident, Merline Gayle and Kenroy Gayle both testified that the color of the vehicle in the photographs looked like the color of their vehicle. Kenroy Gayle also testified that other than the missing headlights, the vehicle shown in the photograph looked like the vehicle he owned in 2015. Further, while the Gayles point out that the respondents' description of the offending driver and passenger is somewhat nonspecific, they do not dispute that they matched that description.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the petition which was to permanently stay arbitration.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court