Matter of Government Empls. Ins. Co. v Maio (2023 NY Slip Op 04768)

Matter of Government Empls. Ins. Co. v Maio

2023 NY Slip Op 04768

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-02751
 (Index No. 522910/18)

[*1]In the Matter of Government Employees Insurance Company, appellant, 
v
Josine A. Maio, respondent-respondent; Chelsea Rental Corp., et al., additional respondents-respondents.

James G. Bilello & Associates, Hicksville, NY (Susan J. Mitola of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith and Michael J. Kesselman of counsel), for respondent-respondent.
Hickey Smith Dodd, LLP, New York, NY (Robert J. Dunne of counsel), for additional respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Richard N. Allman, Ct. Atty. Ref.), dated April 7, 2021. The order, insofar as appealed from, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 9, 2018, at 5:05 a.m., a refrigerated truck operated by an unidentified driver collided with a vehicle operated by the respondent Josine A. Maio and then left the scene. The truck had been rented by Mitchell Rosen to serve as a walk-in cooler for his restaurant's stall at a barbecue festival. The petitioner, Government Employees Insurance Company (hereinafter GEICO), the insurer of Maio's vehicle, disclaimed coverage for the incident, and Maio filed a demand for uninsured motorist arbitration with GEICO. Thereafter, GEICO commenced this proceeding, inter alia, to permanently stay arbitration. Maio opposed the petition, contending that the truck had been stolen prior to the accident and, therefore, there was no effective insurance coverage for the truck at the time of the collision. The Supreme Court temporarily stayed arbitration and set the matter down for a framed-issue hearing on the issue of permissive use with respect to the truck.
At the hearing, Rosen testified that on June 8, 2018, he parked the refrigerated truck in a reserved parking spot and affixed a placard that would allow him to leave the truck overnight. Rosen stated that he left the keys to the truck on a table in the preparation area assigned to his restaurant where one or two employees would be all night, and that his employees were expected to use the keys only to transfer supplies to or from the refrigerated part of the truck or to reset the [*2]cooling system. Rosen testified that the last time he saw the truck was approximately 8:00 p.m. on June 8, 2018, and that he did not give anyone permission to drive the vehicle. Further, Rosen testified that a police detective showed him a "street video" that was taken on June 9, 2018, following the accident. Rosen stated that the video, which was admitted into evidence at the hearing, showed the damaged truck "wobbling to a halt and being parked on a street," and two individuals fleeing from the truck. Rosen testified that he did not know either of the individuals that were seen on the video exiting the truck.
Following the hearing, in an order dated April 7, 2021, the Supreme Court found that the truck was not driven with either the express or implied permission of Rosen. The court denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding. GEICO appeals.
"Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's permission" (Matter of State Farm Ins. Co. v Walker-Pinckney, 118 AD3d 712, 713; see Murdza v Zimmerman, 99 NY2d 375, 380). "Evidence that a vehicle was stolen at the time of the accident will rebut the presumption of permissive use" (Matter of Country-Wide Ins. Co. v Park, 167 AD3d 735, 736; see Fuentes v Virgil, 119 AD3d 522, 523). "In reviewing a determination made after a hearing, the power of this Court is as broad as that of the hearing court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the hearing court had the advantage of seeing the witnesses and hearing the testimony" (Matter of American Tr. Ins. Co. v Caba, 137 AD3d 1018, 1019 [internal quotation marks omitted]; see Matter of State Farm Mut. Auto. Ins. Co. v Rodriguez, 195 AD3d 727, 728).
Here, contrary to GEICO's contention, the record establishes that the presumption of permissive use was overcome by substantial evidence (see Matter of Allstate Ins. Co. v Jae Kan Shim, 185 AD3d 919, 920). The Supreme Court's resolution of the issue of Rosen's credibility is supported by the record and will not be disturbed on appeal (see Matter of Allstate Ins. Co. v Jae Kan Shim, 185 AD3d at 920; Matter of Country-Wide Ins. Co. v Park, 167 AD3d at 737; Matter of State Farm Fire & Cas. Co. v Hayes, 78 AD3d 1063). Accordingly, the court properly denied that branch of the petition which was to permanently stay arbitration and, in effect, dismissed the proceeding.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court