Madrigal v Paragon Motors of Woodside, Inc. (2025 NY Slip Op 01620)

Madrigal v Paragon Motors of Woodside, Inc.

2025 NY Slip Op 01620

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-10410
 (Index No. 709636/21)

[*1]Natalie Madrigal, respondent, 
v
Paragon Motors of Woodside, Inc., et al., appellants.

Lydecker, Melville, NY (Michael I. Goldman of counsel), for appellant Paragon Motors of Woodside, Inc.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Jessica Klotz of counsel), for appellant Baldevbhai Maganbhai Patel.
Sacco & Fillas, LLP, Astoria, NY (Elliot L. Lewis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Paragon Motors of Woodside, Inc., and the defendant Baldevbhai Maganbhai Patel separately appeal from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated November 2, 2022. The order, insofar as appealed from by the defendant Paragon Motors of Woodside, Inc., granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against that defendant. The order, insofar as appealed from by the defendant Baldevbhai Maganbhai Patel, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against that defendant and dismissing that defendant's affirmative defenses alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from by the defendant Paragon Motors of Woodside, Inc., on the law, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Paragon Motors of Woodside, Inc., is denied; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Baldevbhai Maganbhai Patel; and it is further,
ORDERED that one bill of costs is awarded to the defendant Paragon Motors of Woodside, Inc., payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Baldevbhai Maganbhai Patel.
In April 2021, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained the month prior when a vehicle she was operating in Queens was struck in the rear by a vehicle operated by the defendant Baldevbhai Maganbhai Patel. At the time of the accident, Patel was test driving a vehicle owned by the defendant Paragon Motors of Woodside, Inc. (hereinafter Paragon), the operator of a car dealership, in order to determine whether to purchase the vehicle. The defendants initially appeared in this action represented by the same [*2]attorneys, before Patel appeared by separate counsel. In March 2022, the plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing Patel's affirmative defenses alleging comparative negligence. By order dated November 2, 2022, the Supreme Court granted those branches of the plaintiff's motion. Paragon and Patel separately appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. A plaintiff is no[t] . . . required to show freedom from comparative fault in establishing his or her prima facie case" (Shanyou Liu v Joerg, 223 AD3d 762, 763 [citations and internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 317-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (Frankel v Jaroslawicz, 225 AD3d 742, 743). Moreover, "[a] driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Graham v New York City Tr. Auth., 219 AD3d 1316, 1317 [internal quotation marks omitted]). "A rear-end collision with a stopped or stopping vehicle [therefore] establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d 791, 793 [internal quotation marks omitted]). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]). "When the driver of the offending vehicle . . . lays blame for the accident on brake failure, it is incumbent upon that party to show that the brake problem was unanticipated" (D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 649; see Elgendy v Pilpel, 303 AD2d 446, 447).
Here, the evidence submitted by the plaintiff in support of her motion, including a transcript of her own deposition testimony and of Patel's deposition testimony, established, prima facie, that Patel negligently struck the plaintiff's vehicle in the rear while she was driving in the left lane of the Brooklyn-Queens Expressway (see Joseph-Felix v Hersh, 208 AD3d 571, 572; Atkins v City of New York, 196 AD3d 622, 623-624). The plaintiff's submissions also demonstrated, prima facie, that she was not comparatively at fault in the happening of the accident (see Joseph-Felix v Hersh, 208 AD3d at 572).
In opposition, Patel failed to raise a triable issue of fact. In an affidavit, he asserted that the plaintiff's vehicle "suddenly slowed down." However, this was insufficient to rebut the presumption of negligence (see Perez v Persad, 183 AD3d 771, 771). Patel also asserted a defense of alleged brake failure. Contrary to the plaintiff's contention, the Supreme Court appropriately considered this unpleaded affirmative defense in opposition to her motion, since she was not surprised or prejudiced thereby and had an opportunity to respond in her reply (see Warner v Kain, 162 AD3d 1384, 1385-1386; Zalagaityte v Norwood, 151 AD3d 1007, 1007-1008; Ingordo v Square Plus Operating Corp., 276 AD2d 528, 528). Nonetheless, we conclude that the court properly rejected Patel's contention on the merits. Patel's conclusory statements were insufficient to raise a triable issue of fact as to whether he experienced an unanticipated brake problem at the time of the collision (see Elgendy v Pilpel, 303 AD2d at 447; Vidal v Tsitsiashvili, 297 AD2d 638, 638; Polanco v City of New York, 244 AD2d 322, 322).
However, contrary to the plaintiff's contention, the Supreme Court improperly granted that branch of her motion which was for summary judgment on the issue of liability against Paragon. "Vehicle and Traffic Law § 388(1) provides that, with the exception of bona fide commercial lessors of motor vehicles, which are exempt from vicarious liability under federal law, the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent" (Rodriguez v Morales, 217 AD3d 695, 696 [citations omitted]). "The strong presumption of permissive use afforded by Vehicle and Traffic Law § 388, can only be rebutted by substantial evidence sufficient to show that the driver of the vehicle was not operating [*3]the vehicle with the owner's consent" (Matter of Fiduciary Ins. Co. of Am. v Morris, 84 AD3d 802, 802 [internal quotation marks omitted]). "An owner may place limitations on a driver's permission to use a vehicle, such as granting consent to drive only to a particular area or for a specific purpose, and use outside the scope of permission negates the owner's liability under the statute" (Williams v J. Luke Constr. Co., LLC, 172 AD3d 1509, 1511, citing Walls v Zuvic, 113 AD2d 936, 936; see Murdza v Zimmerman, 99 NY2d 375, 379-380). "Thus, an owner may avoid liability under the statute if the driver exceeded the time, place[,] and purpose of the use permitted by the owner" (Williams v J. Luke Constr. Co., LLC, 172 AD3d at 1511 [alteration and internal quotation marks omitted]; see Naidu v Harwin, 281 AD2d 525, 525-526).
Here, Patel testified at his deposition that Azmain Ishrak, a Paragon sales representative, gave him the keys to the vehicle and told him to "go ahead and do your thing." Patel then drove the vehicle on local roads near Paragon's dealership before proceeding to the expressway, where he operated the vehicle for more than ten minutes before the collision occurred. However, in support of her motion, the plaintiff also submitted a transcript of the deposition testimony of Ishrak, who testified that he advised Patel to drive "around the block one time" and to return within "five or ten minutes." According to Ishrak, he called Patel approximately 20 minutes after the test drive began but received no response until Patel called him back approximately 35 minutes later to report that he had been in an accident. The plaintiff was therefore not entitled to summary judgment on the issue of liability against Paragon, since there were triable issues of fact as to whether Patel "was driving the vehicle in a place and" for a time period "that exceeded the terms of the consent given" (Naidu v Harwin, 281 AD2d at 525-526; see Walls v Zuvic, 113 AD2d at 936).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against Patel and dismissing Patel's affirmative defenses alleging comparative negligence. However, the court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Paragon.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court